**FILED**

**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARIA A. REEZE,            )
                            )
        Plaintiff,     )
                            )
v.                           )
                            )
THE HOME DEPOT U.S.A., INC., d/b/a )
THE HOME DEPOT,      )
                            )
        Defendant    )

**08 C 129**

**JUDGE HART**
**MAGISTRATE JUDGE BROWN**

## NOTICE OF REMOVAL OF CAUSE
## TO THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and, pursuant to 28 U.S.C.A. '1332, 1441 and 1446, hereby provides notice of its removal of this cause for the following reasons:

1.      On or about October 4, 2007, there was commenced and is now pending in the Circuit Court of Cook County, a certain civil action under Case Number: 2007 L 010482, in which MARIA A. REEZE (hereinafter, "Plaintiff") is the plaintiff, and HOME DEPOT USA, INC. d/b/a THE HOME DEPOT, a Delaware corporation (hereinafter, "Defendant"), is the defendant.[1]

2.      Plaintiff initiated the aforementioned lawsuit seeking damages for personal injuries suffered under a premises liability negligence theory. The Complaint at Law prays for damages in excess of $50,000.00.[2]

3.      The Complaint at Law fails to state sufficient facts upon which the case could be removed, as there is no indication therein that the amount in controversy exceeds $75,000.[3]

---

[1] See, Complaint, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Exhibit A.

4.    On December 10, 2007, Defendant received correspondence to which Plaintiff's counsel attached medical bills, totaling approximately $18,500.00, and medical records in which Plaintiff's surgery was disclosed for the first time.[4]  Prior to this correspondence, the Defendant was not aware of the nature and extent of the Plaintiff's claimed injuries and damages.  Counsel for both parties conferred by telephone on January 4, 2007, at which time the parties first discussed the medical specials asserted and removal of the instant matter.  Said conference was memorialized in written correspondence prepared on the same date.[5]  Counsel for Plaintiff indicated that there was no objection to removal.[6]  Based on the foregoing, the undersigned counsel for the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

5.    Defendant states that the above lawsuit currently involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendant affirmatively states further:

   (a)    Upon information and belief, based upon bills for medical care provided by Plaintiff, Plaintiff was at the commencement of this action, and is now, a citizen of the State of Illinois, and a resident of the State of Illinois, and is not a citizen of the State of Delaware or of the State of Georgia;

   (b)    The defendant, HOME DEPOT USA, INC., individually and d/b/a THE HOME DEPOT, is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

6.    This matter involves a controversy between a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other

---

[3] Exhibit A.
[4] See, Correspondence, receipt date stamped, December 10, 2007, attached hereto and incorporated herein by reference as Exhibit "B" (without enclosures).
[5] See, Correspondence, dated January 4, 2008, attached hereto and incorporated herein by reference as Exhibit "C."
[6] Id.

than Illinois, and which has its principal place of business in a state other than Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000.00). Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

7.    This Notice of Removal is timely filed within thirty (30) days after receipt of notice, on December 10, 2007, that the amount in controversy will exceed Seventy Five Thousand Dollars ($75,000.00).

8.    Attached hereto and made a part hereof are copies of the following documents filed by the Plaintiffs and the Defendant in the Circuit Court of Cook County under Case Number: 07 L 8884:

-    The Complaint (Exhibit A);

-    The Summons directed to Home Depot USA, Inc.;

-    Home Depot USA, Inc.'s Routine Motion to Vacate Defaults;

-    Home Depot USA, Inc.'s Appearance and Jury Demand; and

-    Home Depot USA, Inc.'s Answer and Affirmative Defenses.

To the Defendant's knowledge, no other documents, or pleadings were filed in said lawsuit.

9.    Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto. A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, as provided by law.

10.    Defendant demanded and paid the additional fee for a jury demand. Defendant also demands this case to be tried by a jury on removal.

WHEREFORE, the defendant, HOME DEPOT USA, INC., prays that it may affect removal of this action from the Circuit Court of Cook County, Illinois, to the United States

District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried

before a jury.

Respectfully submitted:

HOME DEPOT U.S.A., INC.

By: _____ s/Jason J. Friedl_____

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3564 Reeze\Pleadings\Removal Circuit Court.doc

STATE OF ILLINOIS          )
                           )
COUNTY OF COOK             )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARIA A. REEZE,                          No.

        Plaintiff,

        vs.

HOME DEPOT U.S.A., INC. d/b/a THE
HOME DEPOT,

        Defendant.

2007L010482
CALENDAR/ROOM E
TIME 00:00
*i Motor Vehicle

## COMPLAINT
### COUNT I

NOW COMES the Plaintiff, MARIA A. REEZE, by and through her attorneys, GOLDSTEIN, FISHMAN, BENDER & ROMANOFF, and complaining of the Defendant, HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, states as follows:

1.      That on or about October 23, 2005, and at all times and places hereinafter mentioned, the Defendant was and still is a corporation authorized to do business under the laws of the State of Illinois.

2.      That on or about the date aforesaid and at all times and places hereinafter mentioned, and prior and subsequent thereto the Defendant owned a certain building located at 700 Broadview Village Square, in the Village of Broadview, County of Cook and State of Illinois.

3.      That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant were engaged in the business of operating, managing, maintaining and controlling a certain location at 700 Broadview Village Square, in the aforesaid Village, County and State.

1


DEFENDANT'S
EXHIBIT
A

4.     That on or about the date aforesaid and at all times and places hereinafter mentioned the Plaintiff was lawfully on the aforesaid premises the invitation and suggestion of the Defendant.

5.     That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant to exercise reasonable care and caution in the operation, management, maintenance and control of the aforesaid premises and in particular certain metal bands that were hanging off the pallet at the aforesaid premises, in order to avoid causing injury to persons lawfully thereon, in particular the Plaintiff herein.

6.     That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, notwithstanding its duty in the premises were then and there guilty of one or more of the following negligent acts or omissions:

a)     operated, managed, maintained and controlled the aforesaid premises, so that the Plaintiff was greatly injured;

b)     allowed and/or permitted certain metal bands on a pallet to be and remain in an unsafe and dangerous condition in that certain metal bands were hanging over the pallet onto the surface of the floor on the aforesaid premises, although the Defendant knew or should have known that the presence of same would and could cause injury to persons lawfully present thereon;

c)     allowed and/or permitted certain metal bands to hang over the pallet onto the surface of floor on the aforesaid premises, although the Defendant knew or in the exercise of reasonable care should have known that the presence of the same would and could cause injury to persons lawfully thereon;

d)     failed to and/or refused to remove certain metal bands that were hanging over the pallet onto the surface of the floor area of the aforesaid premises, although the Defendant knew or should have known that such failure and/or refusal would and could cause injury to persons lawfully thereon;

e)     failed to and/or refused to warn and/or notify persons either by word of mouth, the posting of signs and/or placement of barriers and/or guards of the unsafe and dangerous condition of the surface of the floor area of the aforesaid premises in order to avoid causing injury to persons lawfully thereon; and

2

    f)    failed to and/or refused to inspect the aforesaid premises and in particular the surface of the floor area on the said premises in order to remedy and/or remove the unsafe and dangerous condition of the surface of the floor and/or hallway area of said premises.

    7.    That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, while lawfully on said premises at the invitation and suggestion of the Defendant, was caused to violently and forcefully trip, stumble and/or fall on certain metal bands that were hanging over the pallet onto the surface of the floor area on the aforesaid premises, thereby causing the Plaintiff to sustain severe and disabling injuries, both internally and externally; that the Plaintiff has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent and become liable for, and may in the future spend and become liable for a large sum of money for medical care and attention; that the Plaintiff was unable to, and may in the future be unable to attend to her usual duties and affairs for long periods of time, to the Plaintiff's great detriment; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

    WHEREFORE, the Plaintiff, MARIA A. REEZE, prays for a judgment against the Defendant, HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, in an amount in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County and additionally costs of said suit.

                           GOLDSTEIN, FISHMAN, BENDER & ROMANOFF

                           ALAN H. BENDER

GOLDSTEIN, FISHMAN, BENDER & ROMANOFF
Attorneys for Plaintiff
One North LaSalle Street, Suite 2600
Chicago, Illinois 60602
(312) 346-8558 – ID. NO. 31521

STATE OF ILLINOIS          )
                           )
COUNTY OF COOK             )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MARIA A. REEZE,                    )
                                   )
        Plaintiff,               )
                                   )
        vs.                      )
HOME DEPOT U.S.A., INC. d/b/a      )
THE HOME DEPOT,                    )
                                   )
        Defendant.               )

## AFFIDAVIT PER SUPREME COURT RULE 222

I, Alan H. Bender, being first duly sworn on oath, depose and state as follows:

1.     That your affiant is one of the attorneys representing the Plaintiff in the instant lawsuit.

2.     That pursuant to Supreme Court Rule 222 (b) the total of money damages sought exceeds $50,000.00.

Further affiant sayeth not.

GOLDSTEIN, FISHMAN, BENDER & ROMANOFF

ALAN H. BENDER

Subscribed and sworn to before me
this 4th day of October, 2007.

"OFFICIAL SEAL"
NOTARY PUBLIC
ANA L. LOPEZ-VAZQUEZ
STATE OF ILLINOIS
COMMISSION EXPIRES 07/20/10

## GOLDSTEIN, FISHMAN, BENDER & ROMANOFF

### ATTORNEYS AT LAW

ONE NORTH LASALLE STREET - 26TH FLOOR
CHICAGO, ILLINOIS 60602

ALAN H. BENDER
MELVYN L. ROMANOFF
DAVID Z. FEUER
ROBERT A. CANTONE
RICHARD H. VICTOR
TIMOTHY J. WINFIELD
C. ERIC BODD

OF COUNSEL:
BERNARD GOLDSTEIN
SEYMOUR J. FISHMAN
PAUL BERNSTEIN
ROBERT M. COHEN

TELEPHONE  312-346-8558
FAX        312-346-0782
E-MAIL     gfbr@gfbrlaw.com

MARK F. SWARTZ
ARTHUR E. GERMAN
PAUL T. KIEL
JASON P. CARROLL
ROSS B. EDWARDS
BRADLEY J. LOBERG
MORGAN L. TRINKAUS
WHITNEY B. MAYSTER
LUKE C. ANTONSEN
TERRY E. DAVEY

ADMINISTRATION:
KEVIN M. BRYSON

December 5, 2007

Jason J. Friedl
Purcell & Wardrope, Chtd.
10 South LaSalle Street
Suite 2600
Chicago, Illinois 60603

      **Re: <u>Maria A. Reeze vs. Home Depot U.S.A., Inc.</u>**
        **Court No. 07 L 10482**

Dear Mr. Friedl:

      Per our conversation find enclosed the medical records and bills for Maria Reeze for the injuries she sustained on your client's premises on October 23, 2005.  Please be advised that we are stilling waiting for the bill from Dr. Michael Bednar and the anesthesiologist for the surgery that was performed on 3/15/06.

      After you have had a chance to review the enclosed material please contact my office so that we can discuss this matter further.

      If you have any questions or require additional information please contact my office.  Thank you for your courtesy and cooperation in this matter.

                Very truly yours,

      By: _____
             Whitney B. Mayster
             Goldstein, Fishman, Bender & Romanoff
             One N. LaSalle Street, Suite 2600
             Chicago, Illinois 60601
             (312) 346-8558

WBM:dt
Enclosures



DEFENDANT'S
EXHIBIT
B

DEC 10 2007

# PURCELL & WARDROPE

*Chartered*
*Attorneys at Law*

10 SOUTH LA SALLE STREET
SUITE 1200
CHICAGO, ILLINOIS 60603-1013
*Telephone*
(312) 427-3900
*Toll Free Number*
(866) 4 PURCELL
*Facsimile*
(312) 427-3944

www.purcellwardrope.com

JASON J. FRIEDL
jjf@pw-law.com

January 4, 2008

VIA FACSIMILE W/ CONFIRMATION

312.346.0782
Ms. Whitney B. Mayster
Goldstein, Fishman, Bender & Romanoff
One N. LaSalle, Street, Suite 2600
Chicago IL 60602

RE:   *Maria A. Reeze  v. The Home Depot U.S.A., Inc*
      Court No.:     2007 L 008884
      D/A:           May 12, 2007
      Our File No.:  3564 JJF/JPS HD382

Dear Ms. Mayster:

This correspondence serves to memorialize our telephone conversation of January 4, 2008 during which you indicated that the plaintiff had neither an objection to this office filing its Appearance and Answer *instanter* and had not sought a default in this matter.  Your consideration in light of the filing oversight is appreciated.  Home Depot's Appearance and Answer were filed on this date and will be forwarded to you under separate cover.

Additionally, you and I discussed removal of this case to Federal Court based upon the medical specials I received from your office on December 10, 2007.  The records provided indicate medical specials of approximately $18,500.00, including surgical expenses.  During our discussion of specials and treatment I suggested that the amount in controversy appears to exceed $75,000.00. You indicated that you had no specific objection to removal.

You expressed a desire to explore settlement options.  However, at the time of our conversation you indicated you did not have a specific demand in mind.  Whereas Home Depot continues to have an interest in discussing settlement opportunities, I will have to file for removal to preserve Home Depot's right unless facts develop to suggest that removal is no longer warranted.

Very truly yours,

JASON J. FRIEDL

F:\Jjf\3564 Reeze\Correspondence\OC001.doc



DEFENDANT'S
EXHIBIT

3564 JPS/JPS HD382                                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARIA A. REEZE,                          )
                                         )
              Plaintiff,                  )
                                         )
v.                                       )        Court No.      07 L 010482
                                         )
THE HOME DEPOT U.S.A., INC., d/b/a       )
THE HOME DEPOT                           )
                                         )
              Defendant                   )

### ROUTINE MOTION TO VACATE DEFAULTS

NOW COMES, the Defendant, THE HOME DEPOT U.S.A., INC., d/b/a THE HOME

DEPOT, by and through its attorneys, PURCELL & WARDROPE, CHTD., and hereby

respectfully moves this Honorable Court to vacate any and all defaults and for leave to file its

Appearance and Jury Demand, *instanter*, and for leave to answer or otherwise plead within

twenty-eight (28) days.

                                         Respectfully submitted,


                                    By:  _____
                                         Jason J. Friedl

Jason J. Friedl
**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3564\Motions\Mo2Vacate Defaults.doc

3564 JPS/JPS HD382                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARIA A. REEZE,                        )
                                       )
      Plaintiff,                  )
                                       )
v.                                     )        Court No.    07 L 010482
                                       )
THE HOME DEPOT U.S.A., INC., d/b/a     )
THE HOME DEPOT                         )
                                       )
      Defendant                   )

## <u>ORDER</u>

THIS CAUSE having come on to be heard on motion of Home Depot U.S.A., Inc., for the entry of an order allowing Home Depot U.S.A., Inc., to vacate any and all technical defaults, due notice having been given;

IT IS HEREBY ORDERED THAT: any and all defaults against Defendant, Home Depot U.S.A., Inc., are hereby vacated and leave is granted to file its appearance and jury demand, *instanter*, and for leave to answer or otherwise plead within twenty-eight (28) days (up to and including 12/26/07).

ENTER:

> Judge Kathy M. Flanagan
>
> NOV 2 8 2007
>
> Circuit Court -267

_____

_____
                      JUDGE

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603(312) 427-3900

3564 JPS/JPS HD382                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARIA A. REEZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.    07 L 010482 |
| | ) | |
| THE HOME DEPOT U.S.A., INC., d/b/a | ) | |
| THE HOME DEPOT | ) | |
| | ) | |
| Defendant | ) | |

NOV 28 2007

### RE-NOTICE OF ROUTINE MOTION

TO:    Alan H. Bender
       GOLDSTEIN, FISHMAN, BENDER & ROMANOFF
       One N. LaSalle, St. Ste 2600
       Chicago IL 60602

       PLEASE TAKE NOTICE that on **November 28, 2007 at 8:45 a.m.,** or soon thereafter as counsel might be heard, I shall appear before Honorable Judge Kathy Flanagan or any other judge sitting in her stead presiding in **Courtroom 2210,** Daley Center, Chicago, Illinois and shall then and there present **HOME DEPOT U.S.A., INC'S ROUTINE MOTION TO VACATE DEFAULTS,** a copy of which is attached hereto and served upon you.

                                          Jason L. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jf\3564\Motions\NOM002.doc

### CERTIFICATE OF SERVICE

       I, Sarah N. Johnson, a non-attorney, certify under oath that I served the foregoing Notice and Documents referenced therein via <u>Facsimile</u>, a copy to all attorneys of record, at their above-listed addresses, on **November 21, 2007.**

                                          Sarah N. Johnson

3564 JPS/JPS HD382                                                                     Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARIA A. REEZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Court No.    07 L 010482 |
| | ) |
| THE HOME DEPOT U.S.A., INC., d/b/a | ) |
| THE HOME DEPOT | ) |
| | ) |
| Defendant | ) |

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendant:

**HOME DEPOT U.S.A., INC.**

......................................................................................................
**\*\*\*Defendant demand trial by jury.**

_____
Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street – Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3564\Pleadings\AppJD.doc

    I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Jason J. Friedl

3564 JPS/JPS HD382                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARIA A. REEZE,                              )
                                             )
      Plaintiff,                          )
                                             )
v.                                           )    Court No.    07 L 010482
                                             )
THE HOME DEPOT U.S.A., INC., d/b/a           )
THE HOME DEPOT                               )
                                             )
      Defendant                           )

FILED-17
2008 JAN -4   PM 3: 53
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## HOME DEPOT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL &

WARDROPE, CHTD., and hereby responds to the Plaintiff's Complaint At Law, as follows:

1.      HOME DEPOT USA, INC. admits the allegations set forth in Paragraph 1 of the

Complaint.

2.      HOME DEPOT USA, INC. denies the allegations set forth in Paragraph 1 of the

Complaint.

3.      HOME DEPOT USA, INC. admits that it operated home improvement retail

establishment at the address alleged.

4.      HOME DEPOT USA, INC. admits only that an individual identifying herself as

"Maria A. Reeze" was on the premises on the date alleged, but has insufficient information either

to admit or deny the purpose for which said individual was on the premises or whether said

individual was "lawfully" on the premises. HOME DEPOT USA, INC. denies all other

allegations set forth in Paragraph 4 of the Complaint.

5.      Paragraph 5 seeks to allege the existence of a duty.  The existence of a duty is a

question of law, not an allegation of fact. HOME DEPOT USA, INC. admits only to such duties

as are imposed by law.  If any portion of Paragraph 5 of the Complaint is deemed an allegation of fact, such fact is denied.

6.    HOME DEPOT USA, INC. denies each and every allegation set forth in Paragraph 6 of Count I of the Complaint, inclusive of subparagraphs (a)-(f).

7.    HOME DEPOT USA, INC. denies the allegations set forth in Paragraph 7 of the Complaint.

WHEREFORE, the defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff, and that it be awarded reasonable costs, fees and expenses.

Respectfully submitted:

By: _____

Jason J. Friedl

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Uj\\3564\Pleadings\Answer.doc

## CERTIFICATE OF INSUFFICIENT KNOWLEDGE

I, Jason J. Friedl, an attorney representing the defendant, Home Depot U.S.A., Inc., have read

Home Depot U.S.A., Inc.'s Answer to Plaintiff's Complaint at Law and state that I have

insufficient knowledge concerning the noted allegations in the plaintiff's Complaint at Law

to deny or answer them.

Jason J. Friedl
One of the Attorneys for Defendant,
Home Depot U.S.A., Inc.

Subscribed and sworn to
before me this 4 day of
January , 2008

Notary Public

"OFFICIAL SEAL"
Bethany Murphy
Notary Public, State of Illinois
My Commission Expires November 2, 2011

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
(312) 427-3900

3564 JPS/JPS HD382                                                 Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARIA A. REEZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.     07 L 010482 |
| | ) | |
| THE HOME DEPOT U.S.A., INC., d/b/a | ) | |
| THE HOME DEPOT | ) | |
| | ) | |
| Defendant | ) | |

### AFFIRMATIVE DEFENSES

NOW COMES the defendant, HOME DEPOT USA, INC., and in further response to the Plaintiff's Complaint at Law, hereby pleads the following as its first affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that MARIA A. REEZE suffered the injuries and damages as alleged in her Complaint, which injuries and damages are specifically denied, those injuries or damages were proximately caused *in toto* by the superceding and/or intervening act of negligence of other persons over whom this defendant had no control, no right to control and for whose actions this defendant is not liable.

### SECOND AFFIRMATIVE DEFENSE

If MARIA A. REEZE was on the premises alleged on or about May 27, 2006, then MARIA A. REEZE was guilty of one or more or all of the following negligent acts and/or omissions:

a.      Failed to exercise due care and caution for her own safety;

4

b.  Failed to keep a proper lookout to ensure his own safety;

d.  Attempted to walk/cross over an area without first seeking to ascertain her ability to do so in a safe manner;

e.  Upon observing of potential risk, assumed the dangers obviously inherent therein and was otherwise responsible for the resulting injuries;

f.  Was otherwise careless and negligent in failing to keep a look out for her own personal safety.

The negligent acts and/or omissions of MARIA A. REEZE were the sole and proximate cause of her injuries.   To the extent that the negligence of MARIA A. REEZE is greater than fifty percent (50%), the defendant, HOME DEPOT, U.S.A., INC. is entitled to dismissal in this matter with prejudice.

The negligent acts and/or omissions of MARIA A. REEZE were a proximate cause of her accident and the alleged injuries resulting therefrom; and, Home Depot U.S.A., Inc. is entitled to a dismissal with prejudice or, alternatively, a reduction in judgment, if any, in an amount proportional to the percentage of fault attributable to MARIA A. REEZE

### THIRD AFFIRMATIVE DEFENSE

If Home Depot U.S.A., Inc., is found liable to the plaintiff in any amount whatsoever, the liability of Home Depot U.S.A., Inc., is less than twenty-five percent (25%) of the total fault attributable to MARIA A. REEZE, the defendant sued by the plaintiff and/or any third-party defendant who could have been sued by the plaintiff.  Therefore, the defendant, if found liable, would be severally liable for all damages.

### FOURTH AFFIRMATIVE DEFENSE

The condition as alleged in the complaint of MARIA A. REEZE was open and obvious and therefore there is no duty on the part of Home Depot U.S.A., Inc., to the plaintiff, and accordingly, the complaint should be dismissed.

5

Respectfully Submitted,



By:

_____

Jason J. Friedl

Purcell & Wardrope Chtd.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\Ujf\3443\Pleadings\Answer.doc